**Noel MITCHELL, Plaintiff,**

v.

**AMERICA ONLINE, INC.**

**Nos. 01 CIV. 8557 CMGAY, 02 CIV. 3658 CMGAY.**

United States District Court, S.D. New York.

Oct. 9, 2003.

---

Paula Johnson Kelly, Goodstein & West, New Rochelle, NY, for Noel Mitchell, Plaintiff.

Jennifer L. Gillman, Littler Mendelson, NY, for American Online, Inc., Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MCMAHON, District Judge.

Plaintiff Noel Mitchell ("Plaintiff" or "Mitchell") filed a complaint with this Court on September 21, 2001, alleging that Defendant America Online Inc. ("Defendant" or "AOL") retaliated against him in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Plaintiff filed a second complaint against AOL on May 14, 2002, based upon the same facts, this time alleging failure to promote and retaliation in violation of 42 U.S.C. Section 1981, and retaliation in violation of the New York State Human Rights Law. The two cases have been consolidated for all purposes.

Following discovery, defendant has moved for summary judgment. For the reasons stated below, the motion is denied, except as to one relatively insignificant claim asserted by plaintiff.

As plaintiff notes, there are four issues in this case: whether the defendant discriminated against plaintiff on the basis of his race when (1) it failed to promote him to the position of Inventory Supervisor in February and March 2000; (2) it required him to complete a 90 days training program before considering him for promotion to the position of Inventory Supervisor; and whether defendant retaliated against plaintiff for complaining of racial discrimination when it (1) changed his title from Inventory Coordinator to shipping and receiving clerk; and (2) terminated plaintiff's employment in January 2001.

██ With regard to plaintiff's claim that he was discriminated against in connection with promotion to the position of Inventory Supervisor, almost every material fact—from who hired plaintiff in the first place to whether or not he had sufficient educational and supervisory qualifications for the position of Inventory Supervisor—is hotly disputed. The only undisputed facts are that a Caucasian—Peter Bury—was hired for the position but left less than a month later (under circumstances that are

disputed) and that AOL offered plaintiff an opportunity to train for the Inventory Supervisor position (an undisputed fact that raises a disputed issue of fact about whether the educational and experiential prerequisites for the job that plaintiff allegedly lacked were really necessary). There are also disputes between the parties about plaintiff's performance during the training period, and even about the reasons why plaintiff was required to undergo this additional training (plaintiff, needless to say, disagrees with AOL's claim that it was trying to help him overcome his lack of qualifications for the job he wanted, Inventory Supervisor, when it invented a special training program just for him). In short, as to plaintiff's claims of racially discriminatory failure to promote, summary judgment is manifestly inappropriate.

 As for plaintiff's claim that he was the victim of retaliatory termination: while I recognize that plaintiff was terminated as part of a company-wide reduction in force that affected fully 25% of the employees at his location and many others nationwide, there is a disputed issue of fact about why plaintiff was chosen to be part of the group that was fired. While the persons who made that decision may not have known about plaintiff's last round of complaints to senior management (made by letter dated December 27, 2000), they were well aware that plaintiff had complained to senior management ABOUT THEM in a virtually ceaseless barrage since March of 2000. AOL's view of the relevant evidence on this charge is far too confined.

Plaintiff's claim that he was retaliated against when his title was changed from Inventory Coordinator Shipping and Receiving Clerk must be dismissed. To prove retaliation, a plaintiff must establish that he was engaged in a protected activity; that he suffered an adverse employment action; and that defendant acted out

of a retaliatory motive in taking the adverse employment action against plaintiff. *Reed v. A.W. Lawrence and Co.,* 95 F.3d 1170 (2d Cir.1996). As plaintiff himself admits, the only thing that changed in or about March 2000 (the time he began complaining about the failure to promote him, which constitutes protected activity) was his job title. (Pl.Dep. pp. 261–2). A change in job title without any change in duties, compensation, benefits or reporting structure, is not an "adverse employment action." *McGuire v. United States Postal Service,* 749 F.Supp. 1275, 1282–3 (S.D.N.Y.1990); *Stutler v. Illinois Dept. of Corrections,* 263 F.3d 698, 703 (7th Cir. 2001); *Burrows v. Chemed Corp.,* 743 F.2d 612, 617 (8th Cir.1984). That said, plaintiff will be permitted to introduce evidence about the change in his job title at the trial, since it is relevant to the issue of defendants' motives.

Thus, except to the extent noted above, the motion for summary judgment is denied. The parties are now on notice for trial, although I can assure them that they are unlikely to be called during the fourth quarter of 2003.